IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>FARIS MUSA,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTIONS TO SEVER<br><br><br>Case No. 2:22-CR-295 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Faris Musa's Motion to Sever. For the reasons discussed below, the Court will deny Mr. Musa's Motion without prejudice.

I. BACKGROUND

Defendant Faris Musa is charged as one of 14 defendants named in a 15-Count Superseding Indictment for: Conspiracy to Distribute MDPV, α-PVP, and α-PHP in violation of 21 U.S.C. §§ 841(a)(l) and 846 (Count 1); Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h) (Count 2); Distribution of α-PHP in violation of 21 U.S.C. § 841(a)(1) (Count 10); and Possession of α-PHP with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) (Count 11).

Following Mr. Musa's initial appearance on September 12, 2022, Defendant was ordered detained pending trial. Since that time, the Court has continued the trial numerous times and excluded time under the Speedy Trial Act upon motion of one or more of Mr. Musa's codefendants. Most recently, the Court continued the trial to November 12, 2024.

1

## II.  DISCUSSION

Federal Rule of Criminal Procedure 8(b) states: "The indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." However, under Rule 14(a), "[i]f the joinder of . . . defendants . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

As a general rule, individuals indicted together should be tried together.[1] A defendant wishing to obtain severance must show actual prejudice will result from failure to sever the trial.[2] Severance should be granted "under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."[3]

Mr. Musa argues that failure to sever in this case will cause him to "suffer a fundamental violation to his rights of Due Process and Speedy Trial."[4] In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, a court must consider four factors: (1) the length of delay; (2) the reason for delay; (3) the defendant's assertion of his right; and (4) any prejudice to the defendant.[5] "No one of the factors is necessary or sufficient to conclude a

---

[1] *United States v. Rinke*, 778 F.2d 581, 590 (10th Cir. 1985).
[2] *United States v. Hack*, 782 F.2d 862, 870 (10th Cir. 1986).
[3] *Zafiro v. United States*, 506 U.S. 534, 539 (1993).
[4] Docket No. 329-1, at 7.
[5] *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

violation has occurred. Instead, the factors are related and must be considered together along with other relevant circumstances."[6]

"The first factor, length of delay, functions as a triggering mechanism" and "[t]he remaining factors are examined only if the delay is long enough to be presumptively prejudicial."[7] "Delays approaching one year generally satisfy the requirement of presumptive prejudice."[8] "The length of delay is measured from the time at which the speedy trial right attaches:"[9] the filing date of the indictment or the date the defendant first appeared before a judicial officer, whichever occurs later.[10] Mr. Musa was indicted on August 17, 2022, and appeared before the Magistrate Judge for his Initial Appearance on August 19, 2022. This nearly two-year delay is presumptively prejudicial.[11] Therefore, the Court must consider the remaining factors.

The Court next considers the reason for delay. In analyzing this factor, "the burden is on the government to provide an acceptable rationale for the delay."[12] While a deliberate attempt to delay the trial will weigh heavily against the government, a valid reason for delay "should serve

---

[6] *United States v. Toombs*, 574 F.3d 1262, 1274 (10th Cir. 2009) (citations omitted).

[7] *United States v. Yehling*, 456 F.3d 1236, 1243 (10th Cir. 2006).

[8] *United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir. 2006).

[9] *Id.*

[10] 18 U.S.C. § 3161(c)(1).

[11] *See United States v. Seltzer*, 595 F.3d 1170, 1176 (10th Cir. 2010) (concluding a two-year delay "crossed the threshold from 'ordinary' to 'presumptively prejudicial'").

[12] *United States v. Larson*, 627 F.3d 1198, 1208 (10th Cir. 2010) (internal quotation marks and citation omitted).

to justify appropriate delay."[13] Further, "[d]elays attributable to the defendant do not weigh against the government."[14]

On October 30, 2023, the Court held a status conference wherein several of the defendants requested a continuance of the trial date and the remaining defendants, including Mr. Musa, did not object or move to sever. The government indicated a willingness to proceed with trial as scheduled but did not object to a continuance. Accordingly, the Court continued the trial to May 13, 2024, which was agreed upon by each of the parties.[15] On March 28, 2024, Mr. Musa's codefendant, Mountazar Altalibi, filed a motion to continue on the basis that additional time was required to await an expected decision by the Supreme Court, which Mr. Altalibi suggested may serve as a basis for dismissal of some of the charges against him.[16] The motion was joined by several co-defendants. Neither the government nor the remaining codefendants, including Mr. Musa, objected or moved to sever. The Court granted the motion and continued the trial to begin August 12, 2024. Time was thereby excluded for Mr. Musa pursuant to 18 U.S.C. § 3161(h)(6), which provides for exclusion of time under the Speedy Trial Act for "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." On July 15, 2024, Mr. Altalibi filed another motion to continue to allow his counsel the requisite time to brief a motion to dismiss related to a recently released Supreme Court decision. On July 18, 2024, the

---

[13] *Seltzer*, 595 F.3d at 1177 (internal quotation marks and citation omitted).
[14] *United States v. Abdush-Shakur*, 465 F.3d 458, 465 (10th Cir. 2006).
[15] Docket No. 307.
[16] Docket No. 319.

Court granted the motion and continued the trial to November 12, 2024. Several days following the Court's July 18 order to continue, Mr. Musa filed the instant Motion to Sever.

Nothing before the Court suggests that delays leading up to the Court's July 18 Order to Continue were caused by deliberate efforts to delay by the government. Instead, the delay was appropriately based on the need for additional pre-trial and trial preparation and attributable to the requests of Mr. Musa's codefendants. Therefore, this factor cannot weigh against the government.[17]

Regarding the defendant's assertion of his right, Mr. Musa has only now asserted his right to a Speedy Trial and requested severance. Mr. Musa concedes this factor does not weigh in his favor. Instead, he argues that the final factor for the Court's consideration—the prejudice suffered by the defendant—weighs strongly in his favor and, therefore, requires severance.

"Prejudice . . . should be assessed in the light of the interests of defendants which the speedy trial act was designed to protect."[18] The Tenth Circuit "has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired."[19] "Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system."[20] Mr. Musa asserts that failure to sever will cause "enormous"

---

[17] *United States v. Tranakos*, 911 F.2d 1422, 1428 (10th Cir. 1990) (finding delay caused by co-defendant's unavailability and delays caused by defendants' motions to continue could not weigh against the government).

[18] *Barker*, 407 U.S. at 532.

[19] *Id.*

[20] *Id.*

prejudice to him because the majority of the extensive discovery in this case does not pertain to him, yet he "has been drug, ball-and-chain, through what seems to him to be an unrestrained run of a[] never ending gauntlet."[21]

The Tenth Circuit has recognized that "in a conspiracy trial it is preferred that persons charged together be tried together."[22] "Indeed, absent a showing of clear prejudice, a joint trial of the defendants who are charged with a single conspiracy in the same indictment is favored where proof of the charge is predicated upon the same evidence and alleged acts."[23] The Court finds that Mr. Musa's general assertion that further delay of trial will cause him enormous prejudice does not demonstrate "clear prejudice." However, the Court is mindful that the Tenth Circuit has held that, in multi-defendant conspiracy cases where a defendant is prepared to go to trial, even while others may not be, "at some point a pretrial detainee denied bail must be tried or released."[24]

Weighing each of the above factors, the Court finds that delaying Mr. Musa's trial date to November 12, 2024, will not cause a violation of Mr. Musa's due process and speedy trial rights. Mr. Musa has asserted his speedy trial rights and moved for severance for the first time. He has not alleged that further delay will impair his defense or otherwise explained a specific prejudice his case will suffer aside from extended pretrial incarceration. Without more, the Court cannot

---

[21] Docket No. 329-1, at 8.

[22] *United States v. Scott*, 37 F.3d 1564, 1579 (10th Cir. 1994); *see also Hack*, 782 F.2d at 871 ("The general rule in conspiracy cases is that where proof of the charges against defendants is dependent upon the same acts and evidence, persons who are indicted together should also be tried together.").

[23] *Hack*, 782 F.2d at 871.

[24] *United States v. Theron*, 782 F.2d 1510, 1516 (10th Cir. 1986).

conclude that a severance is warranted at this time. However, given that Mr. Musa has asserted his Speedy Trial rights and represented that he is prepared to move forward with trial, and that the government has previously stated its ability to move forward with trial, the Court finds that additional delay beyond November 12, 2024, may cause such a violation. Accordingly, the Court will deny Mr. Musa's Motion, but will do so without prejudice.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Sever (Docket No. 329) is DENIED without prejudice.

DATED this 8th day of August, 2024.

BY THE COURT:

_____
Ted Stewart
United States District Judge